# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRISELDA CASTANEDA-AGUSTIN,<br><br>  Defendant-Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CASE NO. 14-CV-0467 W<br>09-CR-3408 W<br><br>**ORDER DENYING**<br><br>**(1) PETITION FOR WRIT OF HABEAS CORPUS [DOC. 38];**<br><br>**(2) MOTION TO AMEND [DOC. 40]; AND**<br><br>**(3) CERTIFICATE OF APPEALABILITY** |

Pending before the Court is Petitioner Griselda Castaneda-Agustin's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (the "Petition" [Doc. 27][1]). Having reviewed the Petition, as well as the relevant records on the docket, the Court concludes that Petitioner is not entitled to relief.

The record establishes that on April 5, 2010, Petitioner pled guilty to one count of importing methamphetamine into the United States in violation of 21 U.S.C. §§ 952

---

[1] "Doc." refers to the docket entry in the Petitioner's criminal case.

and 960. (*See Plea Agree.* [Doc. 27]¶ IA; *Minute Entry* [Doc. 26].) In connection with her guilty plea, Petitioner signed a Plea Agreement on March 20, 2010. (*Plea Agree.*, p. 10.) On September 7, 2010, Petitioner was sentenced to 51 months in the custody of the Bureau of Prisons and 5 years supervised release. (*See Minute Entry* [Doc. 30].) On February 28, 2014, Petitioner filed the Petition. Thereafter, Petitioner filed a motion to amend.

Under 28 U.S.C. §2255, the Petition is subject to a one-year limitations period. This limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or;
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Here, Petitioner's judgment was entered September 7, 2010. (*See Judgment* [Doc. 31].) Because Petitioner did not file a direct appeal, the judgment became final on September 17, 2010, upon the expiration of the time to file an appeal. See Moshier v. U.S., 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Vargas-Garcia v. U.S., 2008 WL 1908435 (S.D. Cal. April 29, 2008) (citing Moshier). Because Petitioner did not file her Petition until February 28, 2014—more than a 3 years after her conviction became final— the Petition is time barred unless another provision of section 2255(f) applies.

In the Petition, Petitioner argues that tolling should apply because of correspondence she sent to her counsel from May 2011 to June 2011. In that correspondence, Petitioner stated that she did not "think that the government gave

me a fair deal" and asked about her right to appeal. (*Pet.* [Doc. 38-1], p.33.[2]) Petitioner contends this correspondence demonstrate that "Petitioner wished to pursue any available options of collateral review of her conviction," and that counsel's failure to respond to her "impeded Petitioner's ability to file her § 2255 within the initial 12 month period." (*Id.*, pp. 33–34.)

However, Petitioner also admits that "[s]ometime in early July 2011," she talked to her attorney and was told that the "signed plea agreement precluded her from pursuing collateral attack." (*Pet.*, p. 35.) Assuming Petitioner did not know about the appellate waiver when she signed the Plea Agreement in March 2010 (which would otherwise bar the Petition), she now admits learning about the waiver in July 2011, when she talked to counsel. Because the Petition confirms that Petitioner discovered "the facts supporting the claim" for ineffective assistance in July 2011, the one-year limitations period began at that time and expired in July 2012.[3]

Petitioner also contends that tolling is supported by two events that occurred in 2013: her cousin's assassination in Mexico and an immigration judge's alleged statements during her removal proceeding. This argument lacks merit for at least two reasons. First, neither event supports tolling under section 2255(f). The events do not relate to any impediment created by the government, and clearly do not relate to a newly recognized right by the Supreme Court. Moreover, because neither event relates to Petitioner's criminal case or counsel's representation of her

---

[2] This order refers to the electronically stamped page numbers in the Petition, which appear at the top of the document as "Page __ of 55".

[3] One of the claims in her Petition is for ineffective assistance of counsel based on the appellate waiver in the Plea Agreement. (*See e.g. Pet.*, p. 5 ("Therefore, the omission of Petitioner's ability to collaterally attack her conviction on the grounds of ineffective assistance of counsel from Petitioner's plea agreement can hardly be viewed as unintended or deemed a harmless error.").)

1  in that case, her cousin's tragic assassination and immigration judge's comments do
2  not constitute "facts supporting the claim or claims" in the Petition.
3      Second, as outlined above, the Petition establishes that by July 2011,
4  Petitioner discovered counsel's alleged ineffective assistance when she learned
5  about the appellate waiver in the Plea Agreement.  Thus, regardless of the events in
6  2013, the limitations period began to run no later than July 2011.
7      For all these reasons, the Petition is time barred.  Accordingly, the Court
8  **DENIES** the Petition [Doc. 38] and motion to amend [Doc. 40].
9      Because reasonable jurists would not find the Court's assessment of the
10 claims debatable or wrong, the Court **DENIES** a certificate of appealability.  See
11 Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Clerk of the Court shall close
12 the district court file
13     **IT IS SO ORDERED.**

DATE: August 11, 2014

_____
Hon. Thomas J. Whelan
United States District Judge